UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH A. WHITE, | ) | CASE NO. 5:22-cv-604 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| ALLSTATE INSURANCE CO., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is a motion to dismiss the second amended complaint for failure to state a claim. The motion was filed by defendants Allstate Insurance Company, Thomas Wilson, Allstate Life Insurance Company *n/k/a* Everlake Life Insurance Company, Doney Largey, and Lincoln Benefit Life Company CEO.[1] Although the motion is fully briefed, the Court declines any ruling on the merits concluding, as set forth below, that it lacks subject matter jurisdiction over this lawsuit and, therefore, has no authority to rule. Accordingly, the case is dismissed without prejudice.

**I.     Discussion**

"[F]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). "Accordingly, it is to be presumed that a cause lies outside this limited jurisdiction, and the burden

---

[1] Additional defendants include: Ranice Westerfield and Robert M. Malbasa. They have not joined this motion. Westerfield is proceeding *pro se* and Malbasa has not yet appeared. The Magistrate Judge recently denied plaintiff's request for the clerk to enter default against Malbasa, concluding that the record does not clearly reflect valid service of process on Malbasa. (*See* Doc. No. 80.)

of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal quotation marks, alterations, and citations omitted). "Without jurisdiction the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (internal quotation marks and citations omitted). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id*. at 94–95 (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382, 4 S. Ct. 510, 511, 28 L. Ed. 462 (1884)). Therefore, "the Sixth Circuit has instructed that 'federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.'" *Hawkins v. Bruner*, No. 1:12-cv-1359, 2012 WL 4483888, at *3 (N.D. Ohio Sept. 27, 2012) (quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)).

Plaintiff Kenneth A. White ("White") is proceeding *pro se* (but not *in forma pauperis*, having paid the filing fee). Although *pro se* pleadings are subject to less stringent standards than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), such leniency does not include ignoring a lack of subject matter jurisdiction that is apparent on the face of the complaint as filed.[2]

The underlying facts of White's complaint are not particularly clear, but they appear to relate to a certain life insurance contract he claims to have procured in 2005. (Doc. No. 1, at 7.[3]) In his second amended complaint filed on October 13, 2022, White asserts that, in 2009, his former wife, defendant Ranice Westerfield, acting in tandem with defendant Robert Malbasa (both of

---

[2] The Court notes that jurisdiction attaches (or not) at the time the complaint is filed. That said, the Court further notes that White has not cured jurisdictional defects even though he has twice amended his complaint.

[3] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

whom were added as defendants in the second amended complaint and were not mentioned in the original complaint), falsified White's signature on an application to convert the policy to a new life insurance policy where Westerfield was the sole and primary beneficiary. (Doc. No. 46-1, at 7.)

When White filed this action using a form complaint offering two choices of jurisdiction (federal question or diversity of citizenship), he checked "federal question." (Doc. No. 1, at 4.) When asked to list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case, he wrote:

> Legal Claim One—Misappropriation of Funds, Two—Breach of Fiduciary Duty, Three—Breach of Contract, Four—Fraud, Five—Negligent Misrepresentation, Six—Conversion, Seven—Punitive Damages, Eight—Dissolution of a Partner

(*Id*.) It is clear that, White's check mark to the contrary notwithstanding, there is no basis for federal question jurisdiction in any of these claims that sound entirely in tort and/or contract.

But, because White, as a *pro se* litigant, is entitled to have his pleadings liberally construed, the Court has also examined whether, based on the complaint as initially filed, there might be diversity jurisdiction. To establish diversity jurisdiction, a complaint must not only show that the amount in controversy exceeds $75,000 (which is arguably satisfied here), but also that there is *complete* diversity of citizenship, that is, that all parties on one side of the controversy are of diverse citizenship from all parties on the other side at the time the complaint is filed. *See* 28 U.S.C. § 1332; *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 828–31, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989). Although White was incarcerated in Pennsylvania when he filed this complaint

(*see* Doc. No. 1, at 2), he did not aver that his domicile is in Pennsylvania. In fact, his complaint alleges that, for purposes of diversity, he is domiciled in Ohio. (*Id*. at 4.)[4]

For purposes of diversity jurisdiction, "the citizenship of a natural person [is] his domicile." *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne,* 26 F.3d 39, 41 (6th Cir. 1994) (citation omitted). Domicile in a state is established by "the intention to make [one's] home there indefinitely or the absence of an intention to make [one's] home elsewhere." *Stifel v. Hopkins,* 477 F.2d 1116, 1120, 1121 (6th Cir. 1973) (also noting "a person cannot acquire a domicile of choice in a place if he is there by virtue of physical or legal compulsion" (citations omitted)). Nor is domicile lost by protracted absence from home, where the intention to return remains. *Id*. at 1120.

"Most cases have uniformly held that incarceration does not change a prisoner's domicile for purposes of the diversity statute." *Tucker v. U.S. Bank, N.A.*, No. 1:13-cv-1260, 2014 WL 1224362, at *3 (N.D. Ohio Mar. 24, 2014) (citing *Polakoff v. Henderson,* 370 F. Supp. 690, 693 (N.D. Ga. 1973) (noting that "[a] prisoner does not acquire a new domicile in the place of [his] incarceration, but retains the domicile he had prior to incarceration"); *Jones v. Hadican,* 552 F.2d 249, 250 (8th Cir. 1977) (per curiam) (same)).

There is a rebuttable presumption that a prisoner's domicile is his domicile prior to incarceration. *Stifel*, 477 F.2d at 1124. White has not alleged any facts (in any of his three complaints) that suggest he intends to remain someplace other than Ohio after his incarceration, wherever that may be currently. Rather, White's complaint declares his domicile for diversity

---

[4] Although the jurisdictional analysis must be based on the complaint as it was initially filed, the second amended complaint seems to support this Ohio designation of domicile. (*See* Doc. No. 46-1, at 7 (identifying Ohio addresses).) That said, the docket reflects a change of address to a prison in Illinois (*see* Doc. No. 76) and the Bureau of Prison's website (last visited June 26, 2023) confirms that fact. But when documents have been mailed to that Illinois address by the Clerk, they are returned undeliverable. (*See* Doc. No. 78.)

purposes as Ohio. Because White avers that both he and the defendants are citizens of Ohio, diversity jurisdiction does not exist. *See Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) (diversity jurisdiction "exists only when no plaintiff and no defendant are citizens of the same state").

## II.     Conclusion

For the reasons set forth above, this Court determines *sua sponte*, as is its duty, that it lacks subject matter jurisdiction and, therefore, cannot proceed. This case is dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: June 26, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**